HEARD NOVEMBER TERM, 1878.

## BARDIN *vs.* DRAFTS.

In an action for the recovery of personal property, where the plaintiff takes possession by proceedings for "claim and delivery," (Code, § 229,) it is competent for the jury to find a verdict "for the return of the property or $507.95," such verdict being an alternative one for the return of the property or for $507.95, the value thereof.

The Court cannot consider a ground of appeal that a verdict for the value of property was not conformable to the evidence, there being no question of law involved in such ground.

An objection that the verdict was not endorsed on the complaint is no ground for an appeal from the judgment.

BEFORE PRESSLEY, J., AT LEXINGTON, SEPTEMBER TERM, 1878.

This was an action by Isaac V. Bardin against Samuel P. Drafts, as Sheriff of Lexington County, for the recovery of personal property which the defendant had seized as the property of Elkins and Bardin under process against them.

The plaintiff executed the proper undertaking with sureties, and thereupon the Coroner received the property from the defendant and delivered it to the plaintiff.

The defendant by his answer denied that the plaintiff was the owner of the property and demanded a return of the property or its value, which he alleged to be $3,000.

The jury found the following verdict: "We find for the defendant the return of the property or $507.95."

The plaintiff appealed on the following grounds:

1. Because the verdict of the jury is not in accordance with the law, in this: that the jury by their verdict have not assessed the value of the property in dispute.

2. Because, in actions of this kind, the finding of the jury can only be, if for the plaintiff, for the recovery of the possession, or, if this cannot be had, then the value of the property, with damages

for detention; or if they find for the defendant, it must be for a return of the property, or the value in case return cannot be had, and damages for withholding the same.

3. Because the title to the property is not settled by the jury. The proof is that the property is worth $1,500, while the verdict of the jury is: "We find for the defendant the return of the property or $507.95. Signed, O. C. Able, Foreman."

4. That the verdict is endorsed on the summons in the action and not in the complaint.

5. And, failing in this and on a new trial, because the verdict is contrary to the law and the evidence adduced.

*Meetze, Mordecai,* for appellant:

1. That the verdict of the jury is not in accordance with the law, in this: "that the jury have not, by their verdict, assessed the value of the property in dispute."

2. That in actions of this kind the finding of the jury can only be, if for the plaintiff, for the recovery of the possession, or, if this cannot be had, then the value of the property, with damages for retention; or, if they find for the defendant, it must be for a return of the property, or the value in case a return cannot be had, and damages for withholding the same.

The Code, Section 285, requires:

"In an action for the recovery of specific personal property, if the property have not been delivered to the plaintiff, or if it have, and the defendant, by his answer, claim a return thereof, the jury shall assess the value of the property if their verdict be in favor of the plaintiff or if they find in favor of the defendant and that he is entitled to a return thereof, and may at the same time assess the damages, if any are claimed in the complaint or answer, which the prevailing party has sustained by reason of the detention or taking and withholding such property."—*Vide* Wait's Prac., Vol. III, p. 192.

This question has been fully considered by the Supreme Court of New York, in the case of *Glann* vs. *Younglove,* (27 Barb., 481,) where Welles, J., delivering the opinion of the Court, says: "The jury should have found for the defendant generally, and *have assessed the value of the property, together with the damages for the taking and withholding thereof.* It was the right of the plaintiff to

return the property, instead of paying the *value* of it, which could only be required in case a return could not be had, and it was the right of the plaintiff to have the damages for the taking and withholding of the property assessed."

New trial ordered. Here the principle is distinctly laid down, that the jury must assess *the value of the property;* and, having assessed the value, as well as the damages for the wrongful withholding, their verdict, if for the defendant, must be for the return of the property, and if a return cannot be had, then for so many dollars, the *value* of the property as assessed by the jury, with so many dollars' damages. In the present case, the proof was that the property was worth fifteen hundred dollars. The jury have neither assessed the *value* of the property nor damages. His Honor the Circuit Judge, in charging the jury, expressly directed that in case they " found for the defendant," their verdict should be for a return of the said property to the defendant or *its value.* The verdict does not assess the *value*, nor is it in accordance with the law as laid down in the books. The case of *Glann* vs. *Younglove*, before referred to, so completely expounds the law on this subject that we deem further citation of authority unnecessary.

The Court below says: "I regard it as a *special* verdict suited to the circumstances of the case." The Court instructed the jury that their verdict, if for the defendant, should be for a "return of the property, or its *value*, as assessed by them." They violated this charge. The verdict is not *special*, for it does not find all the facts which are requisite to enable the Court to say upon the pleadings and verdict, without looking into the evidence, which party is by law entitled to judgment.—*Eisemann* vs. *Swan*, 6 Bosw., 668; 3 Wait's Prac., 196.

Where there is a special verdict, no fact *not stated in it* can be inferred from the facts found.—*Allan* vs. *Tyler*, 6 Rich., 57.

The assessed value of the property is not given.— *Vide* also 1 Tiffany & Smith, 566.

2. The appellant submits that there is no law requiring bills of sale of personalty to be proved or recorded, as charged by His Honor the Circuit Judge.

*Arthur*, contra:

The respondent submits that the appeal cannot be sustained:

1. Because there were no exceptions taken to the rulings of His Honor the presiding Judge on the trial, nor to any points in his

charge, and, therefore, they have brought up properly no points of law for the decision of this honorable Court.—*Floyd, Administrator,* vs. *Abney et al.,* 1 S. C., 114; *State* vs. *Bailey, id.,* 1; *Winsmith* vs. *Walker,* 5 S. C., 473.

2. Because when an appeal is taken from the decision of the Judge, on a motion for new trial, a case or exceptions should be settled in the usual form.—§ 288 of Code, last clause. This has not been done in this case, but it is brought up on the original grounds and subject to the objection above stated.

Apart from the general grounds, the respondent further submits:

1. That the first ground of appeal is not sustained by the authorities in cases of this nature. There might be some force in the ground if this were a *general* verdict; but it is not so. On the contrary, it is a *special* verdict, found by the jury under the express directions of the Judge. His right to authorize such a verdict is given in the latter part of Section 285 of the Code: "In every action for the recovery of money only or specific real property, the jury, in their discretion, may render a general or special verdict. In all other cases the Court may direct the jury to find a special verdict in writing upon any or all of the issues; and in all cases may instruct them, if they render a general verdict, to find upon particular questions of fact, to be stated in writing, and may direct a written finding thereon." The value of the property *was not brought in issue,* and hence the case cited from 6 Rich., 57, (*Allen* vs. *Folger*) is not in point. The main issue in that case was to "try title," and the jury should have found in whom the title really was. But if the objection has any weight, it is fully removed by the decision in *Massey* vs. *Duren,* 7 S. C., 310. A special verdict need not find facts admitted by the pleadings.—*Barto* vs. *Himrod,* 8 N. Y., (4 Seld.,) 483.

2. The second ground is really embraced in the first, and is fully disposed of by Section 285 of the Code granting power to the Court to order a *special* verdict. And, further, in construing a "special verdict," the Court will keep in mind the *issues* made by the pleadings.—*McCarty* vs. *Hudson,* 24 Wend., 291; *Richmond* vs. *Tallmadge,* 16 Johns., 307, as quoted in 3 Wait's Practice.

3. The third ground of appeal is not insisted on in the argument, and has no force, because the question is directly settled by the finding of the jury for the defendant, to the extent of his claim, to wit, the amount of the executions and costs in his office as Sheriff.

4. The fourth ground can have no weight with the Court, because that amendment to the Code, embraced in Section 21, is a special provision respecting the obtaining judgments by default, and has no bearing on the case before the Court.—A. A. 1873–74, p. 502.

5. The fifth ground has already been disposed of as fully as deemed necessary.— *Vide* last clause of Judge Pressley's decree.

February 20, 1879.   The opinion of the Court was delivered by

WILLARD, C. J.   The first question is whether in an action for the recovery of personal property, where the plaintiff takes possession of the property in suit by proceedings for "claim and delivery," (Code, § 229;) it is competent for the jury to find as follows: "We find for the defendant the return of the property or $507.95." The jury having found for the defendant and the property having been taken by the plaintiff under the preliminary proceedings, it was their duty to assess its value and to assess the damages, if any were claimed in the answer, which the defendant had sustained by the taking of the property under the preliminary proceedings or its detention. As the plaintiff is the appellant he cannot object that the jury have not assessed damages for the taking and detention by him.

The question here is not as to the sufficiency of the verdict in point of form, but whether it is a substantial compliance with the requirements of Section 285 of the Code of Procedure. Informalities of procedure cannot be the subject of appeal to this Court, unless they are of such a nature as to involve substantial injury to the rights of parties.—*Blakely* vs. *Fraiser*, — S. C., —.

The question, then, is whether "the return of the property or $507.95" can properly be understood as intending that sum as the value of the property. It can be construed in no other sense. The payment is wholly conditional upon the non-return of the property, and, therefore, cannot be taken to include damages for the taking and detention, for a claim to such damages would be independent of whether the property was returned in specie or its equivalent in money paid. Every reasonable presumption must be made in favor of the verdict, and that would render it necessary to construe it as conformable to the requirements of the law where such construction

is possible.   We consider that the jury have found the value of the property, and, therefore, the first ground of appeal is insufficient.

The second ground of appeal is merely an amplification of the first and is already disposed of.

The third ground of appeal is based on an alleged difference between the testimony as to the value of the property and the sum of $507.95 placed in the verdict.  If the jury reduced the value of the property below what the testimony warranted, that fact could not prejudice the plaintiff; but, independently of that fact, it could not, under the circumstances, give rise to any question that can be considered by this Court.   It would only raise a question of the conformity of the verdict to the evidence, and in an action in the nature of an action at law that objection could not be entertained in this Court, as not involving error of law.

The objection that the verdict was not endorsed on the complaint is not valid.   There is no direction in the Code on this subject, and, even if it was clearly informal, such informality, involving no substantial injury, could not be considered on appeal in this Court.

The objection to the rulings of the Circuit Court are met by the statements of the Circuit Judge that no exception to rulings were taken at the time.

The appeal must be dismissed.

*McIver*, A. J., and *Haskell*, A. J., concurred.

------◀▶------

HEARD NOVEMBER TERM, 1878.